**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARIE NELLIST,**

    **Plaintiff,**

v.                              **CASE NO.:**

**PRIME HEALTHCARE**
**SERVICES, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARIE NELLIST, by and through undersigned counsel, brings this action against Defendant, PRIME HEALTHCARE SERVICES, INC., and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for violations of the Equal Pay Act ("EPA"), 29 U.S.C. 206(d)(1).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound. Through its operations in Dover, Florida, in Hillsborough County, Defendant has established sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

4. Venue is proper in the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391. Plaintiff resides in Dover, Florida and worked remotely for Defendant in Dover, Florida. A substantial part of Plaintiff's claims arose in Dover, Florida, where Defendant regularly conducts business. Venue is proper in the Middle District because the majority of the events giving rise to these claims occurred in this District.

## PARTIES

5. Plaintiff is a resident of Dover, Florida.

6. Defendant operates a hospital system with its principal place of business in Ontario, California, that does business regularly across fourteen states, including in the state of Florida. Defendant is a registered corporation in the state of Florida.

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. Plaintiff was an "employee" within the meaning of the EPA.

11. Defendant was an "employer" within the meaning of the EPA.

## FACTS

12. Plaintiff was employed by Defendant from November 2016 to December 1, 2018 as a GRC Senior Analyst.

13. Plaintiff is a female.

14. During her employment, Plaintiff was paid less than men who held the same position as her.

15. Specifically, Plaintiff earned $120,000.00 annually. After 3-4 months of employment with Defendant, Plaintiff was moved to the project management office without explanation. Plaintiff's role was filled by a white male, Kevin Phillips who was paid $150,000.00 annually. Mr. Phillips had significantly less experience and education as Plaintiff. Mr. Phillips was paid approximately thirty thousand dollars ($30,000.00) more per year than Plaintiff was while she occupied the same position.

16. Further, Plaintiff was then reassigned and demoted to work under Mr. Phillips. However, while Plaintiff was demoted to the lower position, she continued to perform the same job duties as Mr. Phillips.

17. Defendant's actions are willful and show a reckless disregard for Plaintiff's protected rights under the EPA.

## **COUNT I – VIOLATION OF THE EQUAL PAY ACT**

18. Plaintiff realleges and readopts the allegations of paragraphs 1 through 19 of this Complaint, as though fully set forth herein.

19. Defendant is an employer as defined by the EPA.

20. Defendant violated the EPA by paying Plaintiff less than her male counterparts for equal work performed for Defendant.

21. Defendant's actions constitute a willful violation of the EPA.

*WHEREFORE*, Plaintiff requests that the Court grant the following relief:

    a)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

b) Judgment against Defendant stating that Defendant's violations of the EPA were willful;

c) An equal amount to the backpay damages as liquidated damages;

d) An award of front pay;

e) To the extent liquidated damages are not awarded, an award of prejudgment interest;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 17th day of February, 2020.

Respectfully submitted,

/s/ Luis A. Cabassa

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**